1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7    TRACY VAP, an individual,

8                    Plaintiff,

9                    v.

10   ANNE M. RUSSELL, an individual,

11

12                  Defendant.

Case No. C25-844RSM

ORDER DENYING MOTION TO
DISMISS

13

14

15

16

17

        This matter comes before the Court on Defendant Anne M. Russell's Motion to Dismiss

under Rule 12(b)(6), Dkt. #4.  Plaintiff Tracy Vap has filed an opposition, Dkt. #7.  Neither

party has requested oral argument.  For the reasons stated below, the Court DENIES Ms.

Russell's Motion.

18

19

20

21

22

23

24

25

26

27

28

**I.    BACKGROUND**

        For purposes of this 12(b)(6) Motion, the Court will accept all facts in the Complaint,

Dkt. #1-5, as true.  The Court will briefly summarize the relevant facts.

        The parties were members of DABS M & A, LLC ("DABS"), a Washington multi-

member limited liability company operating in the aerospace industry until it was dissolved in

February of 2024.  Under its operating agreement, DABS was managed by an Executive

Manager, Defendant Russell.  Ms. Russell was responsible for preparing financial reports,

maintain accounting records, preparing tax returns, and similar tasks.

ORDER DENYING MOTION TO DISMISS - 1

The Complaint alleges Ms. Russell misrepresented the financial status of DABS to the other members in 2022 and earlier.  For example, in 2022 Ms. Russell allegedly misrepresented the financial status of DABS to obtain a $1,000,400 loan from the U.S. Small Business Administration, inducing the other members to guarantee the obligation personally without informing them that the company was insolvent.

In late 2022, the other members grew suspicious about the operations of the company. Ms. Russell agreed to step down on January 25, 2023.  The other members worked with a new Executive Manager and a forensic accountant to discover that Defendant had not correctly maintained financial records and was allegedly using company funds for personal expenses.

The Complaint alleges that Defendant altered financial records to conceal evidence of the above "just days prior" to stepping down.

Plaintiff filed the instant Complaint in King County Superior Court on April 4, 2025. The Complaint brings claims for breach of contract, breach of fiduciary duties, conversion, breach of the covenant of good faith and fair dealing, and for a constructive trust for properties acquired.

## II.    DISCUSSION

### A.  Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter, accepted as

ORDER DENYING MOTION TO DISMISS - 2

true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

**B. Analysis**

Defendant Russell moves to dismiss all claims as barred by applicable statutes of limitations. Dkt. #4-1 at 2. She argues that all the alleged facts took place in 2020 through 2022. *Id*. She references only the claims with three-year statutes of limitations—breach of fiduciary duty, conversion, and for a constructive trust—while ignoring the likely six-year limitations period for the breach of contract claim. *See id*. The motion is only one-and-a-half pages long.

In Response, Plaintiff Vap argues that: 1) the allegations demonstrate misconduct continuing into 2023, less than three years before filing this lawsuit, and 2) Washington's "discovery rule" applies. Dkt. #7. Plaintiff also points to facts in the Complaint demonstrating that Defendant actively concealed her misconduct. *Id*. at 3.

The "discovery rule" operates to toll the date of accrual until the plaintiff knows or, through the exercise of due diligence, should have known all the facts necessary to establish a legal claim. *Crisman v. Crisman*, 85 Wn.App. 15, 20, 931 P.2d 163 (1997). "Due diligence, with respect to the discovery rule, is a question of fact unless reasonable minds could reach but one conclusion." *Azpitarte v. Sauve*, 188 Wash. App. 1016 (2015). Washington courts have routinely applied the discovery rule to "claims in which the plaintiffs could not have

immediately known of their injuries due to . . . concealment of information by the defendant." *Alexander v. Sanford*, 181 Wn. App. 135, 155, 325 P.3d 341, 354 (2014) (citing *In re Estates of Hibbard*, 118 Wn.2d 737, 749–50, 826 P.2d 690 (1992)).

Plaintiff alleges sufficient facts to plausibly apply the discovery rule or the doctrine of fraudulent concealment to this case, and thus the Complaint survives a Rule 12(b)(6) motion based on the statute of limitations. The allegations, taken as true, demonstrate that Defendant took affirmative steps to conceal the information necessary for Plaintiff to bring these claims, and that such information could not reasonably be discovered until 2023, less than three years before the case was filed. The Court is also convinced that the Complaint plausibly alleges that some of Defendant's actions in late 2022 and early 2023 could give rise to each of the alleged causes of action, which would make these claims timely regardless of the discovery rule.

## III.   CONCLUSION

Accordingly, having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendant Russell's Motion to Dismiss under Rule 12(b)(6), Dkt. #4, is DENIED.

DATED this 8th day of September, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO DISMISS - 4